IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Archie Jones, | ) | C/A No.: 1:09-2670-JFA-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Samuel B. Glover, Director South Carolina Department of Probation, Parole, and Pardon Service; Henry McMaster, Attorney General of the State of South Carolina, and Kernard Redmond, Deputy Solicitor of Dillon County, SC; sued in their individual capacities, | ) | |
| Defendants. | ) | |

Plaintiff Daniel Archie Jones, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by Defendants. Before the court are the following motions: (1) Defendant Glover's Motion to Dismiss [Entry #15]; (2) Plaintiff's Motion to Amend the Complaint [Entry #24]; (3) Defendants McMaster and Redmond's Motion to Dismiss [Entry #28]; and (4) Plaintiff's Motion for Summary Judgment [Entry #32]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for summary judgment and to dismiss are dispositive, this report and recommendation is entered for consideration by the district judge.

I.      Procedural and Factual Background

Plaintiff filed his complaint on October 19, 2009. Defendant Glover filed a motion for summary judgment on April 14, 2010 and defendants McMaster and Redmond filed a

motion to dismiss on May 14, 2010.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motions [Entry #17, #29]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motions for summary judgment be granted.

In his complaint, Plaintiff alleges violations of the due process and ex post facto clauses of the U.S. Constitution in relation to the application of a 1994 state sex offender registry law to Plaintiff's 1985 conviction for kidnapping. Plaintiff seeks monetary damages, as well as declaratory relief. Additionally, Plaintiff alleges the Department of Probation, Parole, and Pardon ("DPPP") has violated his due process rights by denying him parole thirteen times based on the same reasons.

II.     Discussion

    A.     Standard of Review

When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

  B. Analysis

    1. Sex Offender Registry

Plaintiff alleges that the application of the South Carolina Sex Offender Registry Act, S.C. Code Ann. § 23-3-400, *et seq*., to him violates the Ex Post Facto Clause of the United States Constitution. The undersigned disagrees.

The Ex Post Facto Clause only applies to "penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990). The South Carolina Supreme Court has held the Ex Post Facto Clause of the United States Constitution is not violated by certain reporting provisions of the South Carolina Sex Offender Registry Act. *State v. Walls*, 558 S.E.2d 524, 526 (S.C. 2002). The undersigned agrees as the General Assembly of South Carolina's purpose in enacting the statute was to protect the public, and it was not intended as a punishment. Furthermore, it is not so punitive in purpose or effect as to constitute a criminal penalty. *See also*, *Smith v. Doe*, 538 U.S. 84 (2003) (finding that Alaska'a Sex Offender Registry Act did not violate the

Ex Post Facto clause of the Constitution.). Therefore, the complaint fails to state a claim for violation of the Ex Post Facto Clause in this case.

   2.   Denial of Parole

Plaintiff also alleges the DPPP has violated his due process rights by denying him parole on 13 separate occasions, based on the same reasons. The undersigned submits that this claim is also unavailing.

A state inmate has no constitutionally-protected right to parole release. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure—at most, a statement of reasons for the denial of parole. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). A federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions. *Id.* Therefore, Plainitff's claim with regard to his denial of parole must fail.

   3.   Plaintiff's Motion to Amend the Complaint

Plaintiff filed a motion to amend his complaint to add claims that Defendants actions have violated the Eighth Amendment and the Equal Protection clause of the Fourteenth Amendment. [Entry #24]. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v.*

*Allen*, 238 F.3d 273, 276 (4th Cir. 2001). However, based upon the above recommendations, Plaintiff's amendments would be futile. *See Sciolino v. Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007) (holding denial of leave to amend complaint appropriate where proposed claim is futile). Accordingly, the undersigned also recommends that Plaintiff's motion to amend his complaint be denied.

III.   Conclusion

Based on the foregoing reasons, the undersigned recommends Defendant Glover's Motion to Dismiss [Entry #15] and Defendants McMaster and Redmond's Motion to Dismiss [Entry #28] be granted and Plaintiff's Motion to Amend the Complaint [Entry #24] and Plaintiff's Motion for Summary Judgment [Entry #32] be denied. If this recommendation is accepted, it will terminate this case.

   IT IS SO RECOMMENDED.

                                                        *[signature]*

January 12, 2010                                     Shiva V. Hodges
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**